## MORRIS v. THE STATE OF OHIO.

*Criminal law—Larceny—Evidence—Guilty knowledge—Receiving stolen goods—Proof of previous transactions.*

In cases involving fraud in receiving stolen goods, *scienter* is a necessary element to be established in order to fasten guilt upon the accused, and in such cases evidence of previous transactions which necessarily involve guilty knowledge by the defendant with reference to the transaction in question is admissible.

(Decided May 21, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Schmuck & Jacobs,* for plaintiff in error.

*Mr. Simon Ross, Jr.,* assistant prosecuting attorney, for defendant in error.

GORMAN, J.. Plaintiff in error, Frank Morris, was jointly indicted with one Sam Cummins, and Julius Khourt, on two counts, one for grand larceny in which he was charged with having stolen and carried away forty-three pairs of shoes of the value of $145.85, personal property of The Baltimore & Ohio Southwestern Railroad Company; and in the other he was charged with having received these shoes as stolen goods, knowing them to have been stolen.

Plaintiff in error elected to be tried separately, and upon being tried was found guilty of grand larceny in that the value of the goods stolen was assessed at more than thirty-five dollars. He was then given an indeterminate sentence in the Ohio penitentiary.

It is claimed that there was error in the trial of the cause below in this: first, that the evidence fails to establish that the shoes were stolen.   An examination of the bill of exceptions and the evidence adduced at the trial fully satisfies us that the jury were warranted in finding the plaintiff in error guilty as charged in the first count of the indictment.    The verdict is not manifestly against the weight of the evidence, but, on the contrary, the accused having failed to take the stand and testify or explain how he came to be in possession of the goods that were shown to have been stolen, we think the jury had abundance of evidence upon which to base the verdict.

Secondly, it is claimed that the court erred in permitting one of the accused, Sam Cummins, who was jointly indicted with Frank Morris, to testify as to transactions between himself and Morris relating to former thefts in which Morris had sold stolen goods to said Cummins.   Under the count of the indictment charging Morris with having received stolen goods it was proper to show *scienter* or knowledge on the part of Morris that the goods he had in his possession were stolen.   It is a well-known rule of law that in cases involving fraud in receiving stolen goods, *scienter* is a necessary element to be established in order to fasten guilt upon the accused.   In the case of *Coblentz* v. *State,* 84 Ohio St., 235, this rule was laid down:

"On the trial under such an indictment evidence of previous transactions which necessarily involve guilty knowledge by the defendant with reference to the transaction in question is admissible, but as to transactions occurring subsequent to that on

which the indictment is based evidence is not admissible."

In the case of *Tarbox* v. *State,* 38 Ohio St., 581, the court said at page 584:

"The decisions are uniform to the effect that, where *scienter* is an element of the crime charged, previous offenses, necessarily involving such guilty knowledge, are admissible."

In *State* v. *Reineke,* 89 Ohio St., 390, the rule laid down in the cases above cited is approved and followed.

It appears, therefore, that the state was well within its rights when it undertook to show and did show prior transactions of Morris involving the sale of stolen goods and having in his possession stolen goods.

Upon a review of the whole case we find no error in the record prejudicial to the plaintiff in error, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

JONES, P. J., and HAMILTON, J., concur.